OPINION OF THE SUPREME COURT OF NEBRASKA

NOTICE: DUE TO UNFORESEEN CIRCUMSTANCES, THIS OPINION IS BEING POSTED TEMPORARILY IN "SLIP" OPINION FORM. IT WILL BE REPLACED AT A LATER DATE WITH AN "ADVANCE" OPINION, WHICH WILL INCLUDE A CITATION.

Case Title

IN RE APPLICATION NO. B-1829.

GOLDEN PLAINS SERVICES TRANSPORTATION, INC., DOING BUSINESS AS
GPS TRANSPORTATION, APPELLEE,
V.
HAPPY CAB COMPANY, DOING BUSINESS AS HAPPY CAB COMPANY, CHECKER CAB
COMPANY, AND YELLOW CAB COMPANY, ET AL., APPELLANTS.

Case Caption

IN RE APPLICATION NO. B-1829

Filed April 28, 2016.   No. S-15-601.

Appeal from the Public Service Commission. Affirmed.

Andrew S. Pollock, Tara Tesmer Paulson, and Halley A. Kruse, of Rembolt Ludtke, L.L.P., for appellants.

Jack L. Shultz and Adam J. Prochaska, of O'Neill, Heinrich, Damkroger, Bergmeyer & Shultz, P.C., L.L.O., for appellee.

IN RE APPLICATION NO. B-1829

Filed April 28, 2016.   No. S-15-601.

1. **Public Service Commission: Appeal and Error.** Under Neb. Rev. Stat. § 75-136(2) (Cum. Supp. 2014), an appellate court reviews an order of the Nebraska Public Service Commission de novo on the record.
2. **Appeal and Error.** In a review de novo on the record, an appellate court reappraises the evidence as presented by the record and reaches its own independent conclusions concerning the matters at issue.
3. **Evidence: Proof.** It is the burden of the proponent of the evidence to establish the relevancy of the evidence it seeks to introduce.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

HEAVICAN, C.J.

## INTRODUCTION

Golden Plains Services Transportation, Inc. (GPS), operated as a common carrier under an open class "Certificate of Public Convenience and Necessity" granted by the Nebraska Public Service Commission (PSC). GPS sought to amend its certificate so that it could transport passengers from one point in Lancaster County to another point in Lancaster County. Happy Cab Company; DonMark, Inc.; and Valor Transportation Company (collectively the Omaha cab companies) objected. Following a hearing, the PSC granted GPS' application. The Omaha cab companies appeal.

At issue before the PSC and now on appeal is whether GPS was fit, willing, and able to properly perform the service proposed in its application. We affirm.

## BACKGROUND

GPS filed an application with the PSC on July 23, 2014, seeking to modify its authority by (1) removing the restriction for point-to-point service within Lancaster County and (2) amending the restriction relating to operation in areas where other cab companies hold a certificate or permit.

On August 13, 2014, the Omaha cab companies filed a protest to GPS' application. In that protest, the Omaha cab companies argued both that there was no need for the service which GPS intended to offer and that GPS was not able to adequately provide that service. On August 28, another provider, Transport Plus of Lincoln, Inc., also filed a protest. Transport Plus of Lincoln is not a party to this appeal.

A hearing was held on March 4 and 5, 2015. At the hearing, evidence was adduced regarding GPS. GPS is a corporation; Kirby Young is its sole owner, stockholder, officer, and director. Young also manages all day-to-day operations for GPS. GPS has provided open class service for approximately 2½ years. Open class service, as defined by regulation,

> shall consist of all of the following elements: (i) the business of carrying passengers for hire by a vehicle, (ii) along the most direct route between the points of origin and destination or along a route under the control of the person who hired the vehicle and not over a defined regular route, (iii) at a mileage based or per trip fare.[1]

GPS provides service to both the general public and to the Nebraska Department of Health and Human Services (DHHS) through its broker, "IntelliRide." As of the time of the hearing, GPS had the authority to transport DHHS clients in open class service, except that it was not allowed to transport a passenger from one point in Lancaster County to another point in Lancaster County.

GPS is the largest open class transporter by number of trips in the Omaha, Nebraska, market for clients transported for DHHS. A representative testified that IntelliRide would

---

[1] 291 Neb. Admin. Code, ch. 3, § 010.01C (2003).

continue to use GPS' services if GPS were authorized as an open class provider within Lancaster County.

Young is also a coowner and involved in the management of Servant Cab Company, L.L.C. (Servant). Servant holds cab authority and is operated on a day-to-day basis by Young's brother. Regulations provide:

> Taxi service shall consist of all of the following elements: (i) the business of carrying passengers for hire by a vehicle, subject to the provisions of Rule 011.01D, (ii) along the most direct route between the points of origin and destination or a route under the control of the person who hired the vehicle and not over a defined regular route, (iii) on a prearranged or demand basis, (iv) at a metered, mileage based or per trip fare according to the provisions of 011.01F, (v) commencing within, and/or restricted to, a defined geographic area.[2]

GPS and Servant share space in the same building, but have different offices within that building.

At the hearing on GPS' application, the Omaha cab companies offered exhibit 10, which was entitled "Summary of DHHS Complaints Against Servant Cab." GPS objected on the basis of relevancy, because Servant was not an applicant. The PSC agreed and refused to admit exhibit 10.

In addition to exhibit 10, the Omaha cab companies offered the testimony of Mike Davis, a transportation manager with StarTran, the bus service for the city of Lincoln, Nebraska, regarding complaints made against Servant by patrons of "Handi-Van." Handi-Van is Lincoln's fixed-route transportation service and contracts with Servant to provide transportation for some of that service. The Omaha cab companies also offered exhibits 17 to 21, which are copies of StarTran minutes which contain complaints against Servant. The PSC did not admit those minutes or Davis' testimony, concluding neither was relevant.

On June 2, 2015, the PSC granted GPS' application to extend its authority, finding both that there was a need for the proposed service and that GPS was fit, willing, and able to provide the proposed service. The Omaha cab companies appeal.

ASSIGNMENTS OF ERROR

The Omaha cab companies assign that the PSC erred in (1) excluding evidence relevant to GPS' fitness and ability to provide the proposed service and (2) finding that GPS was fit, willing, and able to provide the proposed service.

STANDARD OF REVIEW

[1,2] Under Neb. Rev. Stat. § 75-136(2) (Cum. Supp. 2014), an appellate court reviews an order of the PSC de novo on the record.[3] In a review de novo on the record, an appellate court

---

[2] *Id.*, § 010.01A.

[3] *Telrite Corp. v. Nebraska Pub. Serv. Comm.*, 288 Neb. 866, 852 N.W.2d 910 (2014).

reappraises the evidence as presented by the record and reaches its own independent conclusions concerning the matters at issue.[4]

## ANALYSIS

### ADMISSION OF EVIDENCE

In its first assignment of error, the Omaha cab companies argue that the PSC erred in not admitting evidence relating to complaints against Servant. The parties disagree on the appropriate standard of review that this court should employ when determining whether the PSC erred in not admitting this evidence. The Omaha cab companies direct us to § 75-136(2), which requires an appellate court to review an order of the PSC de novo on the record. GPS argues that as an evidentiary ruling, the admission of evidence is subject to a review for an abuse of discretion, and that the de novo review required by § 75-136(2) applies only to substantive rulings. But we need not decide this issue today, because we conclude, for the reasons explained below, that under either standard of review, the Omaha cab companies did not establish the relevancy of the evidence at issue.

On appeal, the Omaha cab companies argue that this evidence was relevant to GPS' fitness, because Young testified that he was involved in the management of Servant. The Omaha cab companies also direct this court to Young's testimony in prior PSC cases, which are not part of our record, where Young made similar statements regarding his involvement in the management of Servant. But GPS argues that there is no common management or enterprise, that Servant and GPS are separate entities, and that Servant's records are not relevant to GPS' fitness.

A review of the challenged evidence is helpful. Exhibit 10 is a summary of DHHS complaints against Servant for the period beginning December 20, 2012, and ending February 26, 2014. During that time period, there were 51 complaints deemed valid or still under advisement. Most dealt with late pickup of clients or failure to pick up the client at all.

Exhibits 17 to 21 are minutes from the StarTran advisory board meetings held in September, October, and December 2014, and in January 2015. Those minutes detail meetings between StarTran and Servant to deal with the issue of late pickups. In addition, the Omaha cab companies presented an offer of proof with respect to the testimony of Davis. If allowed, Davis would have testified regarding complaints made to StarTran about Servant's performance under its contract with Handi-Van.

[3] As the proponent of the evidence, it was the burden of the Omaha cab companies to establish the relevancy of the evidence they sought to introduce.[5] In order to do so, the Omaha cab companies attempted to show that Young was involved in the day-to-day operation of both GPS and Servant.

To show this, the Omaha cab companies point to Young's testimony that he and his brother owned Servant and that Young was the president of Servant. The Omaha cab companies

---

[4]  *Id.*

[5]  See, e.g., *State v. Casillas*, 279 Neb. 820, 782 N.W.2d 882 (2010) (scientific evidence); *State v. Alford*, 278 Neb. 818, 774 N.W.2d 394 (2009) (hearsay evidence); *Shipler v. General Motors Corp.*, 271 Neb. 194, 710 N.W.2d 807 (2006) (similar occurrence in products liability action).

also note that Young indicated he considered "both Servant . . . and GPS to be names of [his] businesses," that he was involved in the management of Servant "to a certain degree," and that he was "involved in the oversight of [Servant]." Young also testified that if GPS' certificate was amended, certain "traffic" from the Servant side would be moved for business reasons, suggesting that Young did, in fact, have management authority over Servant. Young testified that his brother was Servant's day-to-day operations manager.

We conclude that this evidence, while sufficient to show that Young had an interest in Servant, was insufficient to meet the Omaha cab companies' burden. The evidence did not establish that Young was involved in the day-to-day operations of Servant such that the complaints against Servant were relevant to GPS' application. It appears from the record that there might be documentation from other proceedings before the PSC that speak to Young's management and oversight of Servant. But that documentation is not in our record, and as such, we cannot review it.

Moreover, we do not have enough information to determine the timeframe of these complaints as compared to Young's alleged management responsibilities. At the time of the hearing, GPS had been operating for less than 3 years--while it appears from the record that Servant had been operating longer and that Young had been involved with Servant prior to GPS' beginning operations. Thus, it is possible that Young was, at one point in time, involved in the day-to-day operations of Servant, but at a time not relevant to this inquiry.

Even considered under a de novo review, the Omaha cab companies did not meet their burden to show that the Servant records were relevant. The PSC did not err in failing to admit that evidence.

FINDING GPS FIT, WILLING, AND ABLE

In its second assignment of error, the Omaha cab companies argue that the PSC erred in finding that GPS was fit to provide the proposed service. The Omaha cab companies did not contest the need for the proposed service and agreed that GPS was financially fit. It argued only that GPS was not managerially fit.

Given that the Omaha cab companies' evidence regarding Servant was found inadmissible, its primary evidence in support of that position was exhibit 13. Exhibit 13 is a list of complaints filed against GPS, as well as the testimony of a GPS passenger who testified that she had been driven by a GPS driver who was driving recklessly, and another driver who made comments of a sexual nature which, while not directed at her, the passenger nevertheless found inappropriate.

Exhibit 13 detailed a list of complaints against GPS by DHHS clients between May 2014 and March 2015. Ultimately, 28 out of a total of 52 incidents were found to be valid. The record shows that in that same period of time--May 2014 to March 2015--GPS had a total of 48,020 completed trips. Valid complaints, then, composed a small percentage of GPS' total trips.

In its order, the PSC did express some concern about the complaints and indicated that they would be investigated further. But the PSC did not find that these complaints were sufficient to conclude that GPS was not fit.

We note that many of the complaints from exhibit 13 were that the driver was late. There was evidence at the hearing that part of this was a function of the IntelliRide system, which

dispatched calls to drivers. There was testimony that calls were sometimes canceled as the driver was en route and the driver was then rerouted elsewhere. In addition, there are fewer providers in the Lincoln area, which could have caused the remaining providers' capacity to be taxed, resulting in tardiness.

Finally, a representative for IntelliRide testified that it would utilize GPS' services for point-to-point transportation within Lancaster County should GPS' certificate be amended.

Upon our de novo review, we conclude there was evidence to support the PSC's decision that GPS was fit, willing, and able to properly perform the service proposed in its application, and therefore, the PSC did not err in amending GPS' certificate. There is no merit to the Omaha cab companies' arguments on appeal.

## CONCLUSION

The decision of the PSC is affirmed.

AFFIRMED.